UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA MILEY,

    Plaintiff,

v.                                      Case No:

**STATE FARM BANK, F.S.B.**,

    Defendant.                      **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **VICTORIA MILEY** ("Ms. Miley" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **STATE FARM BANK, F.S.B.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or an artificial voice or prerecorded message to call Ms. Miley's Cellular Telephone after Ms. Miley expressly revoked consent for Defendant to place calls to her Cellular Telephone, and by continuing to place calls to Ms. Miley Cellular Telephone despite her request that

all calls cease because she could not afford to pay the alleged Debt, which can reasonably be expected to harass Ms. Miley.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Miley, was and is a natural person and, at all times material hereto, is an adult, a resident of Duval County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Miley is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 904-***-0313 ("Ms. Miley's Cellular Telephone").

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of IL and its registered agent, ILLINOIS CORPORATION SERVICES CO., located at 801 Adlai Stevenson Dr., Springfield, IL 62703.

### *Statements of Fact*

8. Ms. Miley opened a credit card account with Defendant for her personal use ("Account").

9. Sometime thereafter, Ms. Miley lost her job and encountered financial difficulties that caused her to fall behind on her monthly payments to Defendant and incurred an outstanding balance owed on the Account ("Debt").

10. In or around July of 2016, Defendant began placing calls to Ms. Miley's Cellular Telephone in attempts to collect the Debt.

11. Ms. Miley spoke with Defendant multiple times during this time period and informed Defendant that she had lost her job, had no money to pay Defendant, and demanded that Defendant stop calling her Cellular Telephone.

12. Ms. Miley also answered several of Defendant's calls to her Cellular Telephone that used a prerecorded voice and pressed "1" to be added to Defendant's "do not call list" to stop Defendant's calls to her Cellular Telephone.

13. Despite Ms. Miley's repeated demands, Defendant continued to place calls to Ms. Miley's Cellular Telephone in attempts to collect the Debt.

14. Defendant thereafter called Ms. Miley's Cellular Telephone at least one hundred (100) times.

15. Ms. Miley has been harassed by the frequency and timing of Defendant's calls.

16. All of Defendant's calls to Ms. Miley's Cellular Telephone were placed in attempts to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

17. Ms. Miley re-alleges paragraphs 1-16 and incorporates the same herein by reference.

18. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

19. Ms. Miley revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around July of 2016 when she expressly told Defendant to stop calling her Cellular telephone.

20. Ms. Miley also revoked consent to be called by Defendant by pressing "1" to opt out of Defendant's collection calls.

21. Despite this revocation of consent, Defendant thereafter called Ms. Miley's Cellular Telephone at least one hundred (100) times.

22. Defendant did not place any emergency calls to Ms. Miley's Cellular Telephone.

23. Defendant willfully and knowingly placed non-emergency calls to Ms. Miley's Cellular Telephone.

24. Ms. Miley knew that Defendant called Ms. Miley's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

25. Ms. Miley knew that Defendant called Ms. Miley's Cellular Telephone using a prerecorded voice because Defendant left Ms. Miley at least one voicemail using a prerecorded voice.

26. Ms. Miley knew that Defendant called Ms. Miley's Cellular Telephone using a prerecorded voice because Ms. Miley answered Defendant's calls which used a prerecorded voice.

27. Defendant used an ATDS when it placed at least one call to Ms. Miley's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Miley's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Ms. Miley's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Miley's Cellular Telephone.

31. At least one call that Defendant placed to Ms. Miley's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Ms. Miley's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Ms. Miley's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Ms. Miley's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Ms. Miley's Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Ms. Miley.

37. Defendant has recorded more than one conversation with Ms. Miley.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Miley, for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Miley's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Miley, despite individuals like Ms. Miley revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Miley's Cellular Telephone.

42. Defendant has corporate policies to abuse and harass consumers like Ms. Miley despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

43. Defendant's phone calls harmed Ms. Miley by trespassing upon and interfering with Ms. Miley's rights and interests in her Cellular Telephone line.

44. Defendant's phone calls harmed Ms. Miley by causing her emotional distress.

45. Defendant's phone calls harmed Ms. Miley by wasting her time.

46. Defendant's phone calls harmed Ms. Miley by causing her stress.

47. Defendant's phone calls harmed Ms. Miley by being a nuisance and causing her aggravation.

48. Defendant's phone calls harmed Ms. Miley by causing a risk of personal injury to Ms. Miley due to interruption and distraction.

49. Defendant's phone calls harmed Ms. Miley by invading her privacy.

50. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendants; and

e. Any other and further relief as this Court deems equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

51. Ms. Miley re-alleges paragraphs 1-16 and incorporates the same herein by reference.

52. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Ms. Miley with such frequency as can reasonably be expected to harass Ms. Miley, by calling Ms. Miley up to five times in the same day, and by continuing to place calls to Ms. Miley's Cellular Telephone after she demanded such calls cease and told Defendant that she cannot pay the Debt, which can reasonably be expected to harass Ms. Miley.

53. As a result of the above violations of the FCCPA, Ms. Miley has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

54. Defendant's actions have damaged Ms. Miley by causing her emotional distress.

55. Defendant's actions have damaged Ms. Miley by causing her embarrassment.

56. Defendant's actions have damaged Ms. Miley by causing her stress.

57. Defendant's actions have damaged Ms. Miley by causing her aggravation.

58. It has been necessary for Ms. Miley to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

59. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendants; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **VICTORIA MILEY**, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 16, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff